UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>Defendant. | C.A. No. 12-CV-8318<br><br>**DEFENDANT SANDOZ INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendant Sandoz Inc. ("Sandoz") hereby submits this Answer and Affirmative Defenses ("Answer") to the Amended Complaint filed by Endo Pharmaceuticals Inc. ("Endo") and Grünenthal GmbH ("Grünenthal") (collectively, "Plaintiffs"). Except as expressly admitted below, Sandoz denies each and every allegation of the Amended Complaint.

## PARTIES

1. Answering Paragraph 1 of the Amended Complaint, Sandoz lacks knowledge or information sufficient to form a belief as to the truth of the allegations of that Paragraph, and therefore denies each and every allegation contained therein, except Sandoz admits, on information and belief, that Endo is a Delaware corporation having its principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

2. Answering Paragraph 2 of the Amended Complaint, Sandoz, on information and belief, admits that Grünenthal is a corporation organized and existing under the laws of Germany, having an address at 52078 Aachen, Zieglerstaβe 6, North Rhine-Westaphalia, Germany.

3. Answering Paragraph 3 of the Amended Complaint, Sandoz admits the allegations in that Paragraph.

4. Answering Paragraph 4 of the Amended Complaint, Sandoz denies all allegations of that Paragraph, except Sandoz admits that it is a pharmaceutical company engaged in the manufacture and sale of quality pharmaceutical products.

## NATURE OF ACTION

5. Answering Paragraph 5 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that this action purports to arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## JURISDICTION AND VENUE

6. Answering Paragraph 6 of the Amended Complaint, Sandoz denies the allegations of that Paragraph. Sandoz does not contest subject matter jurisdiction for purposes of this action only and reserves the right to contest subject matter jurisdiction in any other case as to any party, including Endo and Grünenthal.

7. Paragraph 7 of the Amended Complaint contains legal conclusions and requires no response. To the extent that an answer is required, Sandoz does not contest venue for purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party, including Endo and Grünenthal.

8. Paragraph 8 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 8 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein. Sandoz agrees not to contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Endo and Grünenthal.

9. Answering Paragraph 9 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it filed with the U.S. Food and Drug Administration ("FDA") an Abbreviated New Drug Application ("ANDA") under § 505(j) of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j) ("ANDA No. 20-4321" or "Sandoz's ANDA") seeking approval to engage in the commercial manufacture or sale of oxymorphone hydrochloride extended-release tablets in 5 mg, 10 mg, 20 mg, 30 mg, and 40 mg strengths (the "Sandoz Products").

10. Answering Paragraph 10 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it filed Sandoz's ANDA seeking approval to engage in the commercial manufacture or sale of the Sandoz Products.

11. Paragraph 11 of the Amended Complaint contains a legal conclusion and requires no response. To the extent that Paragraph 11 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it is registered with the New York State Department of State and that it maintains a registered agent within the state.

13. Answering Paragraph 13 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

14. Answering Paragraph 14 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

15. Answering Paragraph 15 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it previously filed *Sandoz, Inc. v. Pfizer, Inc.*, 06-cv-01222-LAP, a patent infringement action, in the Southern District of New York. Except as expressly admitted, Sandoz denies all remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Answering Paragraph 16 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that in *Teva Pharmaceuticals USA, Inc., et al. v. Sandoz, Inc., et al.*, 08-cv-07611-BSJ-AJP, it asserted counterclaims in this Court and stated that this Court had personal jurisdiction over it for purposes of its counterclaims. Except as expressly admitted, Sandoz denies all remaining allegations contained in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint contains a legal conclusion and requires no response. To the extent that Paragraph 17 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every factual allegation contained therein. Sandoz agrees not to contest personal jurisdiction in this judicial district for purposes of this action only. Sandoz expressly reserves the right to contest personal jurisdiction in any other case and as to any party, including Endo and Grünenthal.

## FACTUAL BACKGROUND

### The Drug Approval Process

18. Sandoz objects to and therefore denies the allegations of Paragraph 18 of the Amended Complaint because they go beyond a short and plain statement of the claim showing

that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). To the extent that Paragraph 18 of the Amended Complaint contains any factual allegations, Sandoz denies each and every factual allegation contained therein.

19. Sandoz objects to and therefore denies the allegations of Paragraph 19 of the Amended Complaint because they go beyond a short and plain statement of the claim showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). To the extent that Paragraph 19 of the Amended Complaint contains any factual allegations, Sandoz denies each and every factual allegation contained therein.

20. Sandoz objects to and therefore denies the allegations of Paragraph 20 of the Amended Complaint because they go beyond a short and plain statement of the claim showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). To the extent that Paragraph 20 of the Amended Complaint contains any factual allegations, Sandoz denies each and every factual allegation contained therein.

21. Sandoz objects to and therefore denies the allegations of Paragraph 21 of the Amended Complaint because they go beyond a short and plain statement of the claim showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). To the extent that Paragraph 21 of the Amended Complaint contains any factual allegations, Sandoz denies each and every factual allegation contained therein.

22. Sandoz objects to and therefore denies the allegations of Paragraph 22 of the Amended Complaint because they go beyond a short and plain statement of the claim showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). To the extent that Paragraph 22 of the Amended Complaint contains any factual allegations, Sandoz denies each and every factual allegation contained therein.

**Endo's Opana ER CRF NDA**

23. Answering Paragraph 23 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that the FDA approved Endo's sNDA No. 201655 for Opana ER.

24. Answering Paragraph 24 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

**THE ENDO PATENTS**

25. Answering Paragraph 25 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 7,851,482 ("the '482 patent") is entitled "Method for Making Analgesics;" that on its face it has an issue date of December 14, 2010; that on its face the listed assignee of the '482 patent is Johnson Matthey Public Limited Company; that on its face the listed inventors of the '482 patent are Jen-Sen Dung, Erno M. Keskeny, and James J. Mencel; and that Exhibit A appears to be a copy of the '482 patent. Sandoz denies that the '482 patent was duly and legally issued by the United States Patent and Trademark Office ("Patent Office"). Sandoz further denies that the claims of the '482 patent are valid and enforceable. Except as expressly admitted, Sandoz denies all remaining allegations of Paragraph 25 of the Amended Complaint.

26. Answering Paragraph 26 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 8,309,122 (“the ’122 patent”) is entitled “Oxymorphone Controlled Release Formulations;” that on its face it has an issue date of November 13, 2012; that on its face the listed assignee of the ’122 patent is Endo Pharmaceuticals Inc.; that on its face the listed inventors of the ’122 patent are Huai-Hung Kao, Anand B. Baichwal, Troy McCall, and David Lee; and that Exhibit B appears to be a copy of the ’122 patent. Sandoz denies that the ’122 patent was duly and legally issued by the Patent Office. Sandoz further denies that the claims of the ’122 patent are valid and enforceable. Sandoz is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the remainder of Paragraph 27 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 8,329, 216 (“the ’216 patent”) is entitled “Oxymorphone Controlled Release Formulations;” that on its face it has an issue date of December 11, 2012; that on its face the listed assignee of the ’216 patent is Endo Pharmaceuticals Inc.; that on its face the listed inventors of the ’216 patent are Huai-Hung Kao, Anand B. Baichwal, Troy McCall, and David Lee; and that Exhibit C appears to be a copy of the ’216 patent. Sandoz denies that the ’216 patent was duly and legally issued by the Patent Office. Sandoz further denies that the claims of the ’216 patent are valid and enforceable. Sandoz is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the remainder of Paragraph 28 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the remainder of Paragraph 29 of the Amended Complaint, and on that basis denies each and every allegation contained therein, except Sandoz admits that the ’482, ’122, and ’216 patents are listed in the Approved Drug Product with Therapeutic Equivalence Evaluations (“Orange Book”) with reference to sNDA No. 201655.

30. Answering Paragraph 30 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

**THE GRÜNENTHAL PATENTS**

31. Answering Paragraph 31 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 8,114,383 (“the ’383 patent”) is entitled “Abuse-Proofed Dosage Form;” that on its face it the ’383 patent has an issue date of February 14, 2012; that on its face the listed assignee of the ’383 patent is Gruenenthal GmbH; that on its face the listed inventors of the ’383 patent are Johannes Bartholomäus, Heinrich Kugelmann, and Elisabeth Arkenau-Marić; and that Exhibit D appears to be a copy of the ’383 patent. Sandoz denies that the ’383 patent was duly and legally issued by the Patent Office. Sandoz further denies that the claims of the ’383 patent are valid and enforceable. Except as expressly admitted, Sandoz denies all remaining allegations of Paragraph 31 of the Amended Complaint.

32. Answering Paragraph 32 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 8,192,722

("the '722 patent") is entitled "Abuse-Proofed Dosage Form;" that on its face the '722 patent has an issue date of June 5, 2012; that on its face the listed assignee of the '722 patent is Grunenthal GmbH; that on its face the listed inventors of the '722 patent are Elisabeth Arkenau-Marić, Johannes Bartholomäus, and Heinrich Kugelmann; and that Exhibit E appears to be a copy of the '722 patent. Sandoz denies that the '722 patent was duly and legally issued by the Patent Office. Sandoz further denies that the claims of the '722 patent are valid and enforceable. Except as expressly admitted, Sandoz denies all remaining allegations of Paragraph 32 of the Amended Complaint.

33. Answering Paragraph 33 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that United States Patent No. 8,309,060 ("the '060 patent") is entitled "Abuse-Proofed Dosage Form;" that on its face the listed assignee of the '060 patent is Grunenthal GmbH; that on its face the listed inventors of the '060 patent are Elisabeth Arkenau-Marić, Johannes Bartholomäus, and Heinrich Kugelmann; and that Exhibit F appears to be a copy of the '060 patent. Sandoz denies that '060 patent was duly and legally issued by the Patent Office. Sandoz further denies that the claims of the '060 patent are valid and enforceable. Except as expressly admitted, Sandoz denies all remaining allegations of Paragraph 33 of the Amended Complaint.

34. Answering Paragraph 34 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

Paragraph 35 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Amended Complaint, and on that basis denies each and every allegation contained therein, except Sandoz admits that the ’383 and ’722 patents are listed in the Orange Book as associated with sNDA No. 201655.

37. Answering Paragraph 37 of the Amended Complaint, Sandoz is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

**SANDOZ’S ANDA FILING**

38. Answering Paragraph 38 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 30-4321, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture or sale of the Sandoz Products.

39. Answering Paragraph 39 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that by a letter dated October 1, 2012, Sandoz notified Endo and Grünenthal that Sandoz had submitted ANDA No. 20-4321 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture or sale of the Sandoz Products with respect to the 5 mg, 10 mg, 20 mg, and 40 mg dosage forms before the expiration of the ’482, ’383, and ’722 patents, and admits that by a letter dated October 9, 2012, Sandoz notified Endo

and Grünenthal that Sandoz had submitted ANDA No. 20-4321 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture or sale of the Sandoz Products with respect to 30 mg dosage form before the expiration of the ’482, ’383, and ’722 patents (collectively with the October 1, 2012 letter, the “Notice Letters”).

40. Answering Paragraph 40 of the Amended Complaint, Sandoz denies the allegations of that Paragraph as stated, except Sandoz admits that the Notice Letters included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV certification”) that the ’482, ’383, and ’722 patents are invalid, unenforceable, and/or will not be infringed by the proposed manufacture, importation, use, sale or offer for sale of the Sandoz Products.

41. Answering Paragraph 41 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits Plaintiffs commenced this action asserting infringement of the ’482, ’383, and ’722 patents from within 45 days of when Plaintiffs received the Notice Letters with respect to such patents, and that Plaintiffs subsequently filed and served an Amended Complaint asserting infringement of the ’060, ’122, and ’216 patents.

**COUNT I: INFRINGEMENT OF THE ’482 PATENT**

42. Sandoz incorporates by reference the responses stated in Paragraphs 1-41 of the Answer as if fully set forth therein.

43. Paragraph 43 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 43 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the

FDA pursuant to 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products prior to the expiration of the ’482 patent.

45. Answering Paragraph 45 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

46. Answering Paragraph 46 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

47. Paragraph 47 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 47 contains any factual allegations, Sandoz denies each and every allegation contained therein, except Sandoz admits that it was “aware of the existence” of the ’482 patent to the extent that it referred to the ’482 patent in the Notice Letters.

**COUNT II: INFRINGEMENT OF THE ’383 PATENT**

48. Sandoz incorporates by reference the responses stated in Paragraphs 1-47 of the Answer as if fully set forth herein.

49. Paragraph 49 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 49 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein.

50. Answering Paragraph 50 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the FDA pursuant to 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products prior to the expiration of the ’383 patent.

51. Answering Paragraph 51 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

52. Answering Paragraph 52 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

53. Paragraph 53 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 53 contains any factual allegations, Sandoz denies each and every allegation contained therein, except Sandoz admits it was "aware of the existence" of the ’383 patent to the extent that it referred to the ’383 patent in the Notice Letters.

**COUNT III: INFRINGEMENT OF THE ’722 PATENT**

54. Sandoz incorporates by reference the responses stated in Paragraphs 1-53 of the Answer as if fully set forth herein.

55. Paragraph 55 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 55 contains any factual allegations, except as expressly admitted, Sandoz denies the allegations contained therein.

56. Answering Paragraph 56 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the FDA pursuant to 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products prior to the expiration of the ’722 patent.

57. Answering Paragraph 57 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

58. Answering Paragraph 58 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

59. Paragraph 59 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 59 contains any factual allegations, Sandoz denies each and every remaining allegation contained therein, except Sandoz admits that it was "aware

of the existence" of the '722 patent to the extent that it referred to the '722 patent in the Notice Letters.

**COUNT IV: INFRINGEMENT OF THE '122 PATENT**

60. Sandoz incorporates by reference the responses stated in Paragraphs 1-59 of the Answer as if fully set forth herein.

61. Paragraph 61 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 61 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained.

62. Answering Paragraph 62 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the FDA pursuant to 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products.

63. Answering Paragraph 63 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

64. Answering Paragraph 64 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

**COUNT V: INFRINGEMENT OF THE '060 PATENT**

65. Sandoz incorporates by reference the responses stated in Paragraphs 1-64 of the Answer as if fully set forth herein.

66. Paragraph 66 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 66 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the FDA pursuant to 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products.

68. Answering Paragraph 68 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

69. Answering Paragraph 69 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

**COUNT VI: INFRINGEMENT OF THE ’216 PATENT**

70. Sandoz incorporates by reference the responses stated in Paragraphs 1-69 of the Answer as if fully set forth herein.

71. Paragraph 71 of the Amended Complaint contains legal conclusions and requires no response. To the extent that Paragraph 71 contains any factual allegations, Sandoz, except as expressly admitted, denies each and every allegation contained therein.

72. Answering Paragraph 72 of the Amended Complaint, Sandoz denies the allegations of that Paragraph, except Sandoz admits that it submitted ANDA No. 20-4321 to the FDA pursuant to 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture or sale of the Sandoz Products.

73. Answering Paragraph 73 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

74. Answering Paragraph 74 of the Amended Complaint, Sandoz denies the allegations of that Paragraph.

## PRAYER FOR RELIEF

Sandoz denies that Plaintiffs are entitled to any relief that they seek.

## AFFIRMATIVE DEFENSES

On information and belief, Sandoz asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Amended Complaint not otherwise admitted, and without admitting or implying that Sandoz bears the burden of proof as to any of the Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement of the ’482 Patent)

Sandoz and the Sandoz Products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the ’482 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the ’482 Patent)

The ’482 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### THIRD AFFIRMATIVE DEFENSE
### (Non-infringement of the ’383 Patent)

Sandoz and the Sandoz Products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the ’383 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '383 Patent)**

The '383 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FIFTH AFFIRMATIVE DEFENSE**
**(Non-infringement of the '722 Patent)**

Sandoz and the Sandoz Products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the '722 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

**SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '722 Patent)**

The '722 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Non-infringement of the '122 Patent)**

Sandoz and the Sandoz Products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the '122 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '122 Patent)**

The '122 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**NINTH AFFIRMATIVE DEFENSE**
**(Non-infringement of the '060 Patent)**

Sandoz and the Sandoz products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the '060 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

**TENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '060 Patent)**

The '060 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Non-infringement of the '216 Patent)**

Sandoz and the Sandoz products have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the '216 patent, either directly or indirectly, either literally or by the doctrine of equivalents.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '216 Patent)**

The '216 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

Plaintiffs' claims are precluded by the doctrine of prosecution history estoppel.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Sandoz hereby submits these Counterclaims against Endo Pharmaceuticals Inc. ("Endo") and Grünenthal GmbH ("Grünenthal") (collectively, "Counterclaim Defendants").

### PARTIES

1. On information and belief, Endo is a Delaware corporation, having its principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

2. On information and belief, Grünenthal is a corporation organized and existing under the laws of Germany, having an address at 52078 Aachen, Zieglerstaβe 6, North Rhine-Westaphalia, Germany.

3. Sandoz is a corporation organized under the laws of the State of Colorado, having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, New Jersey 08540.

### JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*., and this Court now has subject matter jurisdiction over these counterclaims pursuant to 21 U.S.C. § 355(j) and 28 U.S.C. §§ 1331, 1338(a).

5. This Court has now has jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for determining questions of actual controversy between the parties regarding the validity and infringement of the patents more completely described below.

6. This Court has personal jurisdiction over Endo at least because Endo has availed itself of the rights and privileges of this forum by commencing the instant action against Sandoz in this judicial district.

7. This Court has personal jurisdiction over Grünenthal at least because Grünenthal has availed itself of the rights and privileges of this forum by commencing the instant action against Sandoz in this judicial district.

8. Venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

9. As plead in the Amended Complaint, on December 11, 2011, the U.S. Food and Drug Administration ("FDA") approved Endo's Supplemental New Drug Application ("sNDA") No. 201655 for a dosage form of Opana ER that contains oxymorphone hydrochloride and purports to be crush-resistant.

10. On information and belief, Endo is the current holder of approved sNDA No. 201655.

11. The Hatch-Waxman Amendments to the Food, Drug, and Cosmetic Act require sNDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their sNDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

**The Asserted Endo Patents**

12. On December 14, 2010, the United States Patent and Trademark Office ("Patent Office") issued U.S. Patent No. 7,851,482 ("the '482 patent"), entitled "Method for Making Analgesics." According to the face of the patent, the '482 patent was assigned to Johnson Matthey Public Limited Company ("Johnson Matthey"). A copy of the '482 patent is attached hereto as Exhibit A.

13. On information and belief, Johnson Matthey assigned its interest in the '482 patent to Endo Pharmaceuticals, Inc.

14. As plead in the Amended Complaint, Endo is the current owner of the '482 patent and has the right to sue for infringement thereof.

15. On information and belief, Endo caused the '482 patent to be listed in the Approved Drug Product with Therapeutic Equivalence Evaluations ("Orange Book") with reference to sNDA No. 201655.

16. On November 13, 2012, the Patent Office issued U.S. Patent Number 8,309,122 ("the '122 patent"), entitled "Oxymorphone Controlled Release Formulations." According to the face of the '122 patent, the '122 patent was assigned to Endo Pharmaceuticals Inc. A copy of the '122 patent is attached hereto as Exhibit B.

17. As plead in the Amended Complaint, Endo is the owner of the '122 patent and has the right to sue for infringement thereof.

18. On information and belief, Endo caused the '122 patent to be listed in the Orange Book in connection with sNDA No. 201655 for Opana ER.

19. On December 11, 2012, the Patent Office issued U.S. Patent Number 8,329,216 ("the '216 patent"), entitled "Oxymorphone Controlled Release Formulations." According to the

face of the ’216 patent, the ’216 patent was assigned to Endo Pharmaceuticals Inc. A copy of the ’216 patent is attached hereto as Exhibit C.

20. As plead in the Amended Complaint, Endo is the owner of the ’216 patent and has the right to sue for infringement thereof.

21. On information and belief, Endo caused the ’216 patent to be listed in the Orange Book in connection with sNDA No. 201655 for Opana ER.

22. By maintaining the listing of the ’482, ’122, and ’216 patents in the Orange Book, Endo represents that the ’482, ’122, and ’216 patents “could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug.” 21 U.S.C. § 355(b)(1)(g).

**<u>The Asserted Grünenthal Patents</u>**

23. On February 14, 2012, the Patent Office issued U.S. Patent No. 8,114,383 (“the ’383 patent”), entitled “Abuse-Proofed Dosage Form.” According to the face of the patent, the ’383 patent was assigned to Gruenenthal GmbH. As plead in the Amended Complaint, Gruenenthal GmbH is also known as Grünenthal GmbH. A copy of the ’383 patent is attached hereto as Exhibit D.

24. As plead in the Amended Complaint, Grünenthal is the owner of the ’383 patent.

25. On June 5, 2012, the Patent Office issued U.S. Patent No. 8,192,722 (“the ’722 patent”), entitled “Abuse-Proofed Dosage Form.” According to the face of the patent, the ’722 patent was assigned to Grunenthal GmbH. According to the Amended Complaint, Gruenenthal GmbH is also known as Grünenthal GmbH. A copy of the ’722 patent is attached hereto as Exhibit E.

26. As plead in the Amended Complaint, Grünenthal is the owner of the ’722 patent.

27. On November 13, 2012, the Patent Office issued the ’060 patent, entitled “Abuse-Proofed Dosage Form.” According to the face of the patent, the ’060 patent was assigned to Grunenthal GmbH. According to the Amended Complaint, Gruenenthal GmbH is also known as Grünenthal GmbH. A copy of the ’060 patent is attached hereto as Exhibit F.

28. As plead in the Amended Complaint, Grünenthal is the owner of the ’060 patent (collectively, with the ’383 and ’722 patents, “the Grünenthal Patents”).

29. As plead in the Amended Complaint, Endo has an exclusive license to the Grünenthal Patents from Grünenthal and has a right to enforce the Grünenthal Patents.

30. On information and belief, Endo caused the FDA to list the ’383, ’722, and ’060 patents in the Orange Book in connection to sNDA No. 201655 for Opana ER.

31. By maintaining the listing of the ’383, ’722, and ’060 patents in the Orange Book, Endo represents that the ’383, ’722, and ’060 patents “could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug.” 21 U.S.C. § 355(b)(1)(g).

**Unasserted Patent**

32. On December 13, 2011, the Patent Office issued U.S. Patent No. 8,075,872 (“the ’872 patent”), entitled “Abuse-Proofed Dosage Form.” According to the face of the patent, the patent was assigned to Grunenthal GmbH. According to the Amended Complaint, Grunenthal GmbH is also known as Grünenthal GmbH. A copy of the ’872 patent is attached hereto as Exhibit G.

33. On information and belief, Endo caused the ’872 patent to be listed in the Orange Book.

34. By maintaining the listing of the ’872 patent in the Orange Book, Endo represents that the ’872 patent “could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug.” 21 U.S.C. § 355(b)(1)(g).

35. Upon information and belief, Endo and/or Grünenthal are holding the ’872 patent in reserve in order to file future patent suits and further delay Sandoz’s entry into the United States market for the Sandoz Products. This is contrary to the intent of the Hatch-Waxman Act, which encourages the resolution of all patent disputes by the timely filing of patent litigation by NDA holders against ANDA applicants. To date, Counterclaim Defendants have not filed any actions alleging that the filing of the Sandoz ANDA infringes any claims of the ’872 patent.

**Sandoz’s Abbreviated New Drug Application**

36. Sandoz filed Abbreviated New Drug Application No. 20-4321 (the “Sandoz ANDA”) to the FDA pursuant to under § 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), seeking approval to engaged in the commercial manufacture or sale of oxymorphone hydrochloride extended-release tablets in 5 mg, 10 mg, 20 mg, 30 mg, and 40 mg strengths (the “Sandoz Products”).

37. The Sandoz ANDA included a certification pursuant to 21 U.S.C. § 35(j)(2)(A)(vii)(IV) (a “Paragraph IV certification”) stating that the ’482, ’872, ’383, and ’722 patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, or sale of the Sandoz Products.

38. Sandoz has updated its ANDA Paragraph IV certification to include that the ’060, ’122, and ’216 patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, or sale of the Sandoz Products.

39. In a confidential letter dated October 1, 2012, Sandoz notified Endo and Grünenthal that Sandoz had submitted ANDA No. 20-4321 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use and sale of the Sandoz Products with respect to the 5 mg, 10 mg, 20 mg, and 40 mg dosage forms before the expiration of the ’482, ’872, ’383, and ’722 patents. It included notice of the Paragraph IV certification as to the ’482, 872, ’383, and’722 patents. In a letter dated October 9, 2012, and received by Endo on October 11, 2012, Sandoz notified Endo and Grünenthal that Sandoz had submitted ANDA No. 20-4321 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture or sale of the Sandoz Products with respect to 5 mg, 10 mg, 20 mg, 30 mg, and 40 mg dosage forms before the expiration of the ’482, ’872, ’383, and ’722 patents. The October 9, 2012 letter provided notice of a Paragraph IV certification as to the ’482, ’872, ’383, and ’722 patents. In a letter dated February 13, 2013, Sandoz notified Endo and Grünenthal that Sandoz had submitted ANDA No. 20-4321 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture or sale of the Sandoz Products with respect to 5 mg, 10 mg, 20 mg, 30 mg, and 40 mg dosage forms before the expiration of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents.

40. By maintaining the Orange Book listing of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents in connection with sNDA No. 201655, Endo continues to represent that the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents could reasonably be asserted against anyone making, using or selling a generic oxymorphone hydrochloride extended-release product without a license from Endo.

41. Sandoz's Paragraph IV certification states that the '482, '872, '383, '722, '060, '122, and '216 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of a generic oxymorphone hydrochloride extended-release product as described in ANDA No. 20-4321.

42. By November 14, 2012, in response to Sandoz's ANDA filing and Paragraph IV certification, Counterclaim Defendants Endo and Grünenthal filed an infringement action in the Southern District of New York asserting that Sandoz's filing of the Sandoz ANDA was an act of infringement of the '482, '722, '383, '060, and '122 patents. Counterclaim Defendants Endo and Grünenthal filed their Amended Complaint in the Southern District of New York on January 14, 2013, asserting that Sandoz's filing of the Sandoz ANDA was an act of infringement of the '482, '122, '383, '722, '060, and '216 patents.

43. There is now an actual and justiciable controversy between Sandoz and Counterclaim Defendants as to whether the product disclosed in Sandoz's ANDA infringes the '482, '122, '383, '722, '060, and '216 patents and whether any valid, enforceable claim of the '482, '122, '383, '722, '060, and '216 patents exists.

44. More than 45 days have elapsed since Sandoz provided notice of the filing of the Sandoz ANDA to Endo and Grünenthal.

45. Sandoz has not stipulated or otherwise consented to the validity, infringement, or enforceability of any of the Orange Book listed patents.

46. Based on Endo and Grünenthal's ongoing litigation against Sandoz regarding the '482, '122, '383, '722, '060, and '216 patents, its representations to the FDA and the public regarding the scope of coverage of the '872 patent, and Sandoz's intent to launch the Sandoz Products upon FDA approval of the Sandoz ANDA, an actual and justiciable controversy exists

between Counterclaim Defendants and Sandoz regarding validity and infringement of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’482 Patent)**

47. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-46 of its Counterclaims as if set forth fully herein.

48. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’482 patent.

49. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’482 patent and would cause Endo to suffer immediate and irreparable harm.

50. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products will not infringe any valid claim of the ’482 patent, and that the claims of the ’482 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

51. Sandoz is entitled to a declaration that the claims of the ’482 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '482 Patent)**

52. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-51 of its Counterclaims as if set forth fully herein.

53. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the '482 patent.

54. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the '482 patent and would cause Endo to suffer immediate and irreparable harm.

55. Sandoz asserts that the no valid claim of the '482 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

56. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the '482 patent.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '383 Patent)**

57. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-56 of its Counterclaims as if set forth fully herein.

58. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual,

substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’383 patent.

59. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’383 patent and would cause Endo to suffer immediate and irreparable harm.

60. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products do not and will not infringe any valid claim of the ’383 patent, and that the claims of the ’383 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

61. Sandoz is entitled to a declaration that the claims of the ’383 Patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’383 Patent)**

62. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-61 of its Counterclaims as if set forth fully herein.

63. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists

between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the ’383 patent.

64. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’383 patent and would cause Endo to suffer immediate and irreparable harm.

65. Sandoz asserts that no valid claim of the ’383 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

66. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’383 patent.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’722 Patent)**

67. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-66 of its Counterclaims as if set forth fully herein.

68. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’722 patent.

69. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’722 patent and would cause Endo to suffer immediate and irreparable harm.

70. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products will not infringe any valid claim of the ’722 patent, and that the claims of the ’722 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

71. Sandoz is entitled to a declaration that the claims of the ’722 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**SIXTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’722 Patent)**

72. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-71 of its Counterclaims as if set forth fully herein.

73. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the ’722 patent.

74. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’722 patent and would cause Endo to suffer immediate and irreparable harm.

75. Sandoz asserts that no valid claim of the ’722 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

76. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’722 patent.

**SEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’122 Patent)**

77. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-76 of its Counterclaims as if set forth fully herein.

78. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’122 patent.

79. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’122 patent and would cause Endo to suffer immediate and irreparable harm.

80. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products do not and will not infringe any valid claim of the ’122 patent, and that the claims of the ’122 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

81. Sandoz is entitled to a declaration that the claims of the ’122 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the ’122 Patent)**

82. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-81 of its Counterclaims as if set forth fully herein.

83. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the ’122 patent.

84. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’122 patent and would cause Endo to suffer immediate and irreparable harm.

85. Sandoz asserts that no valid claim of the ’122 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

86. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’122 patent.

**NINTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’060 Patent)**

87. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-86 of its Counterclaims as if set forth fully herein.

88. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient

immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the '060 patent.

89. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the '060 patent and would cause Endo to suffer immediate and irreparable harm.

90. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products will not infringe any valid claim of the '060 patent, and that the claims of the '060 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

91. Sandoz is entitled to a declaration that the claims of the '060 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '060 Patent)**

92. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-91 of its Counterclaims as if set forth fully herein.

93. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the '060 patent.

94. Counterclaim Defendants assert that the commercial manufacture, offer for sale, or sale of the Sandoz Products proscribed in ANDA No. 20-4321 will infringe claims of the ’060 patent and would cause Endo to suffer immediate and irreparable harm.

95. Sandoz asserts that no valid claim of the ’060 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

96. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’060 patent.

## ELEVENTH COUNTERCLAIM
## (Declaratory Judgment of Invalidity of the ’216 Patent)

97. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-96 of its Counterclaims as if set forth fully herein.

98. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’216 patent.

99. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products do not and will not infringe any valid claim of the ’216 patent, and that the claims of the ’216 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

100. Sandoz is entitled to a declaration that the claims of the ’216 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**TWELFTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’216 Patent)**

101. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-100 of its Counterclaims as if set forth fully herein.

102. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the ’216 patent.

103. Sandoz asserts that no valid claim of the ’216 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

104. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’216 patent.

**THIRTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’872 Patent)**

105. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-104 of its Counterclaims as if set forth fully herein.

106. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual,

substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the invalidity of claims of the ’872 patent.

107. Sandoz asserts that the manufacture, use, offer for sale, or sale of the Sandoz Products do not and will not infringe any valid claim of the ’872 patent, and that the claims of the ’872 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

108. Sandoz is entitled to a declaration that the claims of the ’872 patent are invalid under one or more provisions of 35 U.S.C. § 100 *et seq.*, or other judicially-created bases for invalidation.

**FOURTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’872 Patent)**

109. Sandoz repeats and incorporates by reference all allegations set forth in Paragraphs 1-108 of its Counterclaims as if set forth fully herein.

110. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Sandoz and Counterclaim Defendants Endo and Grünenthal concerning the infringement of claims of the ’872 patent.

111. Sandoz asserts that no valid claim of the ’872 patent will be infringed by the manufacture, use, offer for sale, or sale of the Sandoz Products described in ANDA No. 20-4321.

112. Sandoz is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Sandoz Products described in ANDA No. 20-4321 do not and will not infringe any valid and enforceable claim of the ’872 patent.

## PRAYER FOR RELIEF

WHEREFORE, Sandoz respectfully asks this Court to enter judgment in its favor and grant the following relief:

1. Dismiss with prejudice the entirety of the Amended Complaint;

2. Deny all remedies and relief sought by Endo and Grünenthal in the Amended Complaint;

3. Declare that Sandoz and the Sandoz Products have not, are not, and will not infringe any valid and enforceable claims of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents;

4. Declare every claim of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 patents to be invalid;

5. Declare every claim of the ’482, ’872, ’383, ’722, ’060, ’122, and ’216 to be unenforceable;

6. Enjoining Endo and Grünenthal and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof from threatening or initiating infringement litigation against Sandoz or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Sandoz, or charging them either orally or in writing with infringement of any patent asserted herein against Sandoz;

10. Find this an exceptional case and award Sandoz its costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

11. Grant further relief as this Court may deem just, equitable, and proper.

Dated: New York, NY

February 14, 2013

MORRISON & FOERSTER LLP

By: /s/ Matthew M. D'Amore

Matthew D'Amore
MDamore@mofo.com
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000

David C. Doyle
DDoyle@mofo.com
Eric M. Acker
EAcker@mofo.com
Brian M. Kramer
BMKramer@mofo.com
12531 High Bluff Drive
San Diego, CA 92130-2040
858.720.5100

Attorneys for Defendant
SANDOZ INC.